# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MATTHEW R. SCHWITZER,**
**Bankruptcy Trustee,**

                              Appellant,

                                                        **Case No. 10-C-1169**

          **-vs-**

**CHRISTOPER C. BUCHMAN,**

                              Debtor-Appellee.

---

## DECISION AND ORDER

---

The appellee moves to dismiss this bankruptcy appeal on the grounds that the appellant failed to file his brief within the timeframe established by Fed. R. Bankr. P. 8009(a)(1). The appellant's brief was due on January 11, but it wasn't received by the Clerk of Court until January 14.

This motion requires an analysis of the interplay between the Federal Rules of Bankruptcy Procedure (Part VIII, Appeals to District Court or Bankruptcy Appellate Panel), the Federal Rules of Civil Procedure, and the local rules of this judicial district. Bankruptcy Rule 8008 provides that papers "required or permitted to be filed with the clerk of the district court or the clerk of the bankruptcy panel *may be filed by mail addressed to the clerk*, but filing is not timely unless the papers are received by the clerk within the time fixed for filing, *except that briefs are deemed filed on the day of mailing*." Fed. R. Bankr. P. 8008(a) (emphases added). Accordingly, the appellant argues that his brief was timely filed because

he placed it in the mail on January 11. However, the local rules of this district require electronic filing in most instances.[1] Therefore, the appellee argues that the appellant does not have the option of filing his brief by mail. *See* Fed. R. Bankr. P. 8008(a), last sentence ("Rule 5005(a)(2) applies to papers filed with the clerk of the district court or the clerk of the bankruptcy appellate panel if filing by electronic means is authorized by local rule promulgated pursuant to Rule 8018").[2]

This district's electronic filing requirement appears to conflict with Rule 8008(a)'s provision allowing parties in a bankruptcy appeal to file papers by mail. However, Bankruptcy Rule 8018 provides that district courts can "make and amend rules governing practice and procedure for appeals from orders or judgments of bankruptcy judges . . . *consistent with* – but not duplicative of – Acts of Congress and the rules of this Part VIII." Fed. R. Bankr. P. 8018(a)(1) (emphasis added).[3] This means that district courts lack the authority to promulgate rules that are inconsistent with Part VIII of the bankruptcy rules. Construing the local rules to impose an electronic filing requirement in bankruptcy appeals

---

[1] "All pleadings and other papers must be filed by electronic means unless exempted or otherwise ordered by the Court, which may make reasonable exemptions from the electronic filing requirement." General L.R. 5(a)(1) (E.D. Wis.). This requirement is specifically authorized by the Federal Rules of Civil Procedure. "A court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States. A local rule may require electronic filing only if reasonable exceptions are allowed." Fed. R. Civ. P. 5(d)(3).

[2] *See also* Fed. R. Bankr. P. 5005(a)(2) (Filing by Electronic Means) ("A court may be local rule permit or require documents to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A local rule may require filing by electronic means only if reasonable exceptions are allowed. A document filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107 of the Code").

[3] This provision dovetails with Rule 83 of the Federal Rules of Civil Procedure: "A local rule must be consistent with – but not duplicate – federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075."

would create such an inconsistency.  Accordingly, the local rules of this judicial district do not – because they cannot – require electronic filing of briefs or papers in bankruptcy appeals.  The appellant's brief was timely filed by placing it in the mail on January 11.

**IT IS HEREBY ORDERED THAT**:

1.       Appellee's motion to dismiss [D. 3] is **DENIED**;

2.       Appellee's motion to stay the briefing schedule pending the Court's ruling on his motion to dismiss [D. 7] is **GRANTED**.  The time limits for briefing in Bankruptcy Rule 8009(a) apply going forward as if the appellant's brief was filed and served on the date this order is docketed.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2011.

**SO ORDERED,**


_s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**